UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL MARTINI, and
ALEXANDER TOLON

CASE NO. 8:25-cr-337-MSS-CPT

21 U.S.C. § 846
(Conspiracy)
21 U.S.C. § 841(a)(1) & (b)(1)
(Distribution of a Controlled
Substance)

## INDICTMENT

The Grand Jury charges:

JUL 8 2025 PM2:49
FILED - USDC - FLMD - TPA

## COUNT ONE
### (Conspiracy)

Beginning on an unknown date, but not later than on or about February 1, 2025, and continuing through on or about February 16, 2025, in the Middle District of Florida, the defendants,

MICHAEL MARTINI, and
ALEXANDER TOLON,

did knowingly and willfully conspire with other persons, both known and unknown to the Grand Jury, to distribute and possess with intent to distribute a controlled substance. The violation involved a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and the death of B.D. resulted from the use of fentanyl that MICHAEL MARTINI and ALEXANDER TOLON conspired to distribute and possess with intent to distribute.

All in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).

## COUNT TWO
### (Distribution of a Controlled Substance)

On or about February 16, 2025, in the Middle District of Florida, the defendants,

MICHAEL MARTINI, and
ALEXANDER TOLON,

did knowingly and intentionally distribute a controlled substance. The violation involved a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and the death of B.D. resulted from the use of fentanyl that MICHAEL MARTINI and ALEXANDER TOLON distributed.

In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 2.

## FORFEITURE

1. The allegations contained in Counts One through Two are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853.

2. Upon conviction of a violation of 21 U.S.C. §§ 841(a)(1) and/or 846, the defendants,

MICHAEL MARTINI, and
ALEXANDER TOLON,

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such

2

violation.

3.     If any of the property described above, as a result of any acts or omissions of the defendant:

     a.    cannot be located upon the exercise of due diligence;

     b.    has been transferred or sold to, or deposited with, a third party;

     c.    has been placed beyond the jurisdiction of the Court;

     d.    has been substantially diminished in value; or

     e.    has been commingled with other property, which cannot be divided without difficulty.

3

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL,

Foreperson

GREGORY W. KEHOE
United States Attorney

By: _____
Candace Garcia Rich
Assistant United States Attorney

By: _____
James C. Preston, Jr.
Assistant United States Attorney
Chief, Violent Crimes and
Racketeering Section

4

FORM OBD-34

July 25

No.

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

MICHAEL MARTINI, and
ALEXANDER TOLON

INDICTMENT

Violations: 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1) & (b)(1)

A true bill,

███████████████

Foreperson

Filed in open court this 8th day

of July 2025.

_____ — Karina
            Clerk              Nieves

Bail $_____

GPO 863 525